IN THE UNITED STATES DISTRICT COURT
FOR THE NORTEHRN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LAURA EVERETT<br>1309 Ogontz St.<br>Sandusky, OH 44870 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| Plaintiff, | )<br>) | COMPLAINT<br>(Jury Demand Endorsed Hereon) |
| -vs- | )<br>) | |
| EDWARD G. GERHART<br>2504 Greentree Lane<br>Sandusky, OH 44870 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| RICHARD SMITH<br>919 1st Street<br>Sandusky, OH 44870 | )<br>)<br>) | |

Now comes Plaintiff, LAURA A. EVERETT ("Plaintiff") by and through her counsel, and for his Complaint does hereby state as follows:

**PARTIES**

1. Plaintiff is an individual residing at 1309 Ogontz St., City of Sandusky, County of Erie, State of Ohio.

2. Defendant Edward G. Gerhart is an individual residing at 2504 Greentree Lane, City of Sandusky, County of Erie, State of Ohio.

3. Defendant Richard "Captain Rick" Smith is an individual residing in the City of Sandusky, County of Erie, State of Ohio.

**JURISDICTION & VENUE**

4. The events giving rise to this personal injury lawsuit occurred upon Defendant's boat, which was in navigable waters at a boathouse on Lake Erie in the vicinity of Defendant Gerhart's residence, thereby invoking federal Admiralty & Maritime law as set forth in 28 U.S.C. § 1333(1).

5. On February 24, 2015 a lawsuit was commenced on in the Erie County Court of Common Pleas, Case No. 2015CV0112, where jurisdiction and venue properly lied pursuant to the "saving to suitors" clause set forth in 28 U.S.C. § 1333(1).

6. That case was voluntarily dismissed without prejudice pursuant to Ohio Civ.R. 41(A) on May 3, 2016.

7. Plaintiff hereby invokes Ohio's "savings statute" – R.C. § 2305.19 – and timely refiles this action herein.

8. Jurisdiction and venue properly lies with the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1333(1).

**COUNT I - NEGLIGENCE**

6. On April 26, 2013 Plaintiff was invited as a guest aboard Defendant Gerhart's boat by Defendant Smith, which was in a boathouse in navigable waters on Lake Erie near Defendant's residence.

7. Defendants Smith and Gerhart were taking the boat out on Lake Erie with guests that day, destined for Kelly's Island for dinner.

8. Defendant Smith had just finished hosing down the boat before Plaintiff arrived at the boathouse.

9. Defendant Smith, who was to captain the boat pursuant to Defendant Gerhart's direction that day, asked Plaintiff to assist with configuring the lighting aboard the boat, requiring Plaintiff to climb and navigate the boat's metal roof frame.

10. While performing the tasks requested by Defendant Smith, Plaintiff slipped on "something wet" and lodged her right fifth metacarpal ("pinky" finger) in a grated metal light fixture attached to the boat.

11. The momentum of Plaintiff's fall caused the complete amputation of her right fifth metacarpal ("pinky" finger).

12. Plaintiff's boyfriend, Chris Scheifley, observed that Plaintiff's clothed were wet while he was attending to her.

13. Plaintiff was transported to the hospital by EMS personnel after her injury.

14. Defendants hosed off the deck of the boat and continued on with their dinner plans at Kelly's Island while Plaintiff was receiving medical treatment for the injuries sustained on Defendants' boat.

15. Plaintiff's finger could not be saved, resulting in her permanent disfigurement and disability.

16. Defendants Gerhart and Smith breached their duty to exercise reasonable care by 1) hosing the deck of the boat down just prior to permitting passengers to board; and 2) failing to warn Plaintiff that the boat had been hosed down before requesting Plaintiff's assistance with configuring the lights.

17. Defendants breached their duty to exercise reasonable care by requiring Plaintiff to climb and navigate a slippery metal roof frame, such hazard having been caused by Defendant Smith's hosing down of the boat.

18. As a result of Defendants' failure to exercise reasonable care, Plaintiff has incurred pain, suffering, disfigurement, disability, medical expenses and lost time from work which will continue into the foreseeable future.

WHEREFORE, Plaintiff prays for the following relief:

A. Compensatory damages in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00);

B. Costs, attorney's fees and any and all other relief which the Court deems just and fair.

Respectfully Submitted,

JOHN W. GOLD, LLC

/s/ John W. Gold
_____
JOHN W. GOLD (#0078414)
P.O. Box 804
Brunswick, OH 44212
Tel:    (216) 777-1488
Fax:    (419) 593-4441
Email: jgold@jwg-law.com

## **JURY DEMAND**

Plaintiff hereby requests a trial by the maximum number of jurors on all issues so triable.

/s/ John W. Gold
_____
JOHN W. GOLD (#0078414)

4