IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Laura A. Everett,                                          Case No. 3:16 CV 3110

               Plaintiff,                     MEMORANDUM OPINION
                                               AND ORDER
     -vs-
                                               JUDGE JACK ZOUHARY
Edward G. Gerhart, et al.,

               Defendants.

## INTRODUCTION

Plaintiff Laura Everett sues Defendants Edward Gerhart and Richard Smith for negligence under 28 U.S.C. § 1333(1). She alleges she slipped and fell off a ladder on Gerhart's boat, after Smith asked her to help place navigation lights on the boat's roof. As a result of her fall, one of her fingers was severed. She claims Gerhart and Smith were negligent for hosing down the boat before guests came on board and for failing to warn her the boat was wet. Defendants moved for summary judgment (Doc. 20), and Everett opposed (Doc. 21). Defendants also moved to strike Everett's Affidavit in support of her Opposition (Doc. 22), which this Court granted in part and denied in part (Doc. 25). For the reasons discussed below, Defendants' Motion is granted.

## BACKGROUND

Unless otherwise noted, the following facts are undisputed. Everett and her boyfriend, Steven Schiefley, were invited by Schiefley's friend, Smith, for a trip on Lake Erie aboard Gerhart's boat (Doc. 17 at 8–10). Everett arrived at the boathouse in the evening, but she cannot accurately pinpoint

the time of her arrival (Doc. 25 at 2). Everett has extensive boating experience (Doc. 16 at 20–22), and she volunteered to help launch the boat (*id.*). She asked Smith, the boat's captain: "Is there anything I can do to help?" (*id.*). Smith told her that, if she wanted to, she could put up the running lights (Doc. 16 at 20–22). She testified the request "wasn't really something out of the ordinary," as she had put up navigation lights before (*id.* at 21, 24). She climbed the ladder to the roof, flipped up the navigation lights, and began to climb back down (Doc. 16 at 27–28; Doc. 21-1 at ¶ 6). At some point during her descent, she lost her footing and fell (*id.*). The momentum of her fall caused her right pinky finger to be severed (Doc. 1 at ¶ 10). Paramedics arrived and transported Everett to the hospital, but they could not save her finger (Doc. 16 at 31).

Everett testified that she slipped on something that felt wet, although she did not see any water on either the boat floor or the ladder (Doc. 21-1 at ¶ 6). Schiefley testified that he noticed Smith hosing down the boat when he and Everett arrived (Doc. 17 at 14–15), but Smith does not recall hosing it down before they came aboard (Doc. 15 at 28). Smith did testify, however, that it is his standard procedure to hose off the inside of the boat before travel, to remove bugs and debris that have accumulated from being docked in the boathouse (Doc. 15 at 17). When asked whether she knew generally that a boat might be wet, Everett stated: "There's always water on a boat" (Doc. 16 at 21). Gerhart's boat was docked in the boathouse at the time of the accident (Doc. 21-1 at ¶ 4).

### STANDARD OF REVIEW

Summary judgment is appropriate where there is "no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Federal Civil Rule 56(a). This Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Further, this Court does

not weigh the evidence or determine the truth of any matter in dispute; rather, it evaluates only whether the record contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

## ANALYSIS

Everett's Opposition relies primarily on two arguments. First, she argues that Defendants owed her a heightened standard of care because the circumstances of her accident were "peculiar to traditional maritime activity," and that -- because of this higher duty of care -- traditional defenses like the open-and-obvious doctrine do not apply (Doc. 21 at 10). Second, she argues that, even if the open-and-obvious doctrine applies, genuine issues of material fact exist as to whether the hazardous condition was open and obvious.

**Defendants did not owe a heightened standard of care.**

Sometimes courts impose a heightened standard of care on vessel owners because navigating on a boat can be more dangerous than hosting individuals on land. But "[w]hen the risk is tantamount to one that would exist on shore and raises no hazards peculiar to navigation, then the duty is the same as that owed by a [landowner]." *Jaques-Boyle v. Celebrity Cruise Lines, Inc.*, 1997 WL 685338, at *1 (S.D.N.Y. 1997). Indeed, an "[a]nalogy to landowners' liability is especially apt where the hazard encountered is not unique to the maritime environment." *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988).

Everett's argument that the conditions contributing to her fall were "peculiar to traditional maritime activity" lacks merit. The hazard Everett allegedly encountered (a wet and slippery surface) is not unique to the maritime environment. People slip and fall regularly on land. It makes no difference that the ladder at issue was on a deck or that she fell from the ladder after putting up

running lights. She could just as easily have slipped off a wet ladder while helping a friend replace a light bulb or cleaning out leaves from an eaves trough. Moreover, Gerhart's boat was docked at the time of the accident and was not traveling on navigable waters. *See Tadlock v. Wilson*, 1992 A.M.C. 2467, 2470 (S.D. Ohio 1992) ("At the time of the accident, Wilson's boat was beached and was not traveling on navigable waters. Thus, the special dangers attributable to maritime activity did not exist." (citation omitted)). Therefore, Gerhart and Smith owed only a duty of ordinary care under the circumstances. *Id.*; *see also Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959); *Barker v. Dornfeld*, 921 F.2d 276, 276 n.1 (6th Cir. 1990).

**Gerhart and Smith had no duty to warn of an open and obvious condition.**

Although "maritime law applies to a cause of action brought in admiralty," unless modified by statute, "general maritime law provides the elements of negligence." *Hartley v. St. Paul Fire & Marine Ins. Co.*, 118 F. App'x 914, 918 (6th Cir. 2004). And "under general maritime law, the elements of negligence are generally the same as a common law negligence action, i.e. duty, breach, causation and damages." *Id.* at 919. Ordinary tort concepts also apply in admiralty actions. *Id.* at 918. One such concept is that there is no duty to warn of an open and obvious danger. *See Gemp v. U.S.*, 984 F.2d 404, 408 (6th Cir. 1982) ("We hold, therefore, that defendant had no duty under general principles of the law of negligence to warn [plaintiffs] of the open and obviously dangerous condition below Meldahl Dam."); *Tadlock*, 1992 A.M.C. at 2470 ("There was no duty to warn Tadlock of the danger of diving in shallow water."). "When there is no duty, there can be no breach of duty and hence no negligence." *Gemp*, 684 F.2d at 407.

Here, the danger from slipping on a wet surface was open and obvious. It is common knowledge that the deck of a boat may be wet and inherently more slippery than other surfaces on

land. Indeed, Everett testified that she knew "there's always water on a boat" (Doc. 16 at 21). Everett cannot plausibly claim she was unaware and needed to be warned of the potential hazards associated with climbing a ladder on a boat. This is especially true in light of the fact that Everett has engaged in boating activities for most of her life (*id.*).

Likewise, the dangers of falling from a ladder are open and obvious. "It is common knowledge that climbing ladders is an inherently dangerous activity -- that is why people take extreme care when doing so. Failure to take due care when climbing a ladder will often result in losing one's balance, falling from the ladder, or causing the ladder itself to fall." *Ballinger v. Leaniz Roofing, Ltd.*, 2008-Ohio-1421, ¶ 13 (Ohio Ct. App. 2008). The risk associated with climbing a ladder -- namely that a fall may occur -- is open and obvious. This is true regardless of the surface.

Finally, Everett also argues that she was "distracted" from the wet conditions by both Smith's request and her task of putting up the running lights (Doc. 21-1 at ¶ 10). That too fails. Everett volunteered to put up the running lights, and the only distraction she identifies is her focus on completing her task (*id.*). But, to the extent that focus qualifies as a distraction, it was self-inflicted. *See* Restatement (Second) of Torts § 343A cmt. e, illus. 1, at 220 (1965) (commenting that no liability would lie for a customer's injury from an encounter with an open and obvious plate glass door where the customer was "preoccupied with his own thoughts"). Further, there is not a scintilla of evidence that she was distracted at the time of the accident, which followed her placement of the lights. By the time she fell, she had already completed her task, and she identifies no distractions.

## CONCLUSION

Based on the undisputed facts, this Court concludes that Defendants did not breach their duty of reasonable care. The dangers Everett was facing at the time of her accident were not "peculiar to maritime activity." And it was obvious both that there may have been water on the boat and that climbing the ladder could be tricky -- "open and obvious" dangers.

Plaintiff was familiar with boats, and she points to nothing peculiar about the ladder she had successfully climbed a short time earlier. Although Everett's injury is unfortunate, "liability cannot rest on sympathy alone." *Weiner v. Carnival Cruise Lines*, 2012 WL 5199604, at *6 (S.D. Fla. 2012). A shipowner does not serve as "the insurer of the safety of the passengers." *Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351, 1356 (S.D. Fla. 2013). An accident standing alone does not create liability.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 31, 2017